**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case I.D. No.: 1712013817 |
| | ) | |
| | ) | |
| STEPHEN R. GOODMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Submitted: February 22, 2021
Decided: April 29, 2021

**AND NOW TO WIT**, this 29th day of April 2021, upon consideration of Defendant Stephen R. Goodman's (Defendant) Motion for Correction of Illegal Sentence, the State's response, the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1.      In the afternoon of December 23, 2017, at approximately 2:58 p.m., Defendant stole a vehicle and was observed by numerous witnesses traveling at high rates of speed on wet roadways, running several lights, and nearly striking vehicles on Churchmans Road.[1]  By 4:53 p.m., this reckless joyride resulted in the death of two people when he crossed a double-yellow line traveling at approximately 90

---

[1] *See* State's Response to Defendant's Motion for Correction of Illegal Sentence (herein after State's Response), D.I. 19.

1

MPH in a 25 MPH zone; victims John Simon and his wife Irma were 77 and 92 years old, respectively.[2]

2. On November 14, 2018, Defendant pled guilty to one count of Manslaughter, one count of Reckless Endangerment First Degree, one count of Driving Under the Influence (DUI) of Any Drug or with a Prohibited Drug Content (Marijuana), a Second Offense, and one count of Theft of a Motor Vehicle.[3] As part of the plea agreement, Defendant agreed in the plea documents that his criminal conduct qualified for Habitual Offender status which subjected him to the enhanced penalties under 11 *Del. C.* §§4214(a), (c), and (d). In exchange, the State agreed not to have him sentenced as a habitual offender as to the remaining charges.

3. After an appropriate colloquy, the Court determined that he understood the nature of the charge(s) to which the plea was offered, the mandatory minimum penalty provided by law and the maximum statutory penalties that, for him, included life in prison. Accordingly, Defendant acknowledged in open court that he understood the range of possible penalties. The Court ordered a PSI and scheduled the matter for sentencing.

4. Consistent with the plea agreement, on January 24, 2019, the State filed its application to declare Defendant a Habitual Offender only as to the Manslaughter

---

[2] *Id.*
[3] *See* Case Review Plea Hearing: Pled Guilty, D.I. 11.

offense.[4] In support of the Habitual Motion, the State submitted certified records to include, among others, the three requisite separate and distinct felonies that formed the bases of the State's application, including a 2007 federal conviction for Felon in Possession of a Firearm.[5]

5.    On March 8, 2019, in accord with the plea agreement, Defendant offered no good faith basis to oppose the State's request, and this Court granted the State's Motion to Declare Defendant a Habitual Offender.[6] The sentence imposed was as follows: (1) for Manslaughter, twenty-five years at Level V as a Habitual Offender pursuant to 11 *Del. C.* § 4214(d); (2) for DUI, sixty days at Level V; (3) for Reckless Endangerment First Degree, five years at Level V, suspended for two years at Level III; and (4) for Theft of a Motor Vehicle, two years at Level V, suspended for one year at Level III.[7]

6.    On December 22, 2020, Defendant filed this Motion for Correction of Illegal Sentence under Rule 35(a) as to the Manslaughter offense.[8] In this motion, Defendant argues he was illegally sentenced under 11 *Del. C.* § 4214(d) because his

---

[4] *See* Motion to Declare Defendant a Habitual Offender, D.I. 12.
[5] The State presented certified records for prior felony convictions including but not limited to Burglary First Degree (0301016260), New Castle County Superior Court, sentencing May 12, 2003; Felon in Possession of a Firearm, 1:07-cr-00117-GMS-1, U.S. District Court, District of Delaware, sentencing January 23, 2008; and Disregarding a Police Officer's Signal, 1204007418, New Castle County Superior Court, sentencing August 20, 2012.
[6] Motion to Declare Defendant a Habitual Offender, Granted, D.I. 15.
[7] Sentencing Calendar: Defendant Sentenced, D.I. 16; Sentence: ASOP Order Signed and Filed, D.I. 17.
[8] *See* Motion for Correction of Illegal Sentence, D.I. 18.

3

2007 federal weapons charge does not qualify as a second "violent felony" under 11 *Del. C.* § 4201(c).[9] In support of his motion, Defendant argues that the federal weapons charge is not the "same as or equivalent to" the Delaware crime for Possession of a Firearm by a Person Prohibited (PFBPP).[10] On February 22, 2021, the State filed its response in opposition asserting, among other things, that Defendant was properly declared a habitual offender where the 2007 federal weapons charge properly qualified as a violent felony.[11]

7.    Under Rule 35(a), the Court "may correct an illegal sentence at any time."[12] Rule 35(a) applies in limited situations where the sentence imposed: exceeds its statutorily-authorized limits, violates double jeopardy, "is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize."[13] Under Rule 35(a), the "narrow function" is to correct illegal sentences, "not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence."[14]

---

[9] *Id.*

[10] *Id.*

[11] *See* State's Response, D.I. 19.

[12] DEL. SUPER. CT. CRIM. R. 35(a).

[13] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1988) (citation omitted); *see also e.g., Ellerbe v. State*, 155 A.3d 1283, 2017 WL 462144, at *1 (Del. Feb. 2, 2017) (TABLE).

[14] *Brittingham*, 705 A.2d at 578 (quoting *Hill v. United States*, 368 U.S. 424, 430 (1962)).

8. The Manslaughter sentence does not exceed statutory limits. Nor is it ambiguous, internally contradictory, omit any required statutory term, nor is it uncertain as to the substance of the sentence. Defendant appears to argue that the Court was not authorized to sentence as it did because of the characterization of his federal conviction. The essence of Defendant's claim of illegality thus focuses on the use of his federal conviction to establish his habitual criminality status for enhanced sentencing purposes.

9. To be sentenced as a Habitual Offender under 11 *Del. C.* § 4214(d), a defendant must have been convicted of two violent felonies as defined by 11 *Del. C.* § 4201(c) "and/or any comparable violent felony as defined by another state, United States or any territory of the United States," and be convicted thereafter of a third violent felony under § 4201(c).[15]

10. In 2007, Defendant was convicted of being a Felon in Possession of a Firearm under 18 USCA § 922(g)(1) in the United States District Court for the District of Delaware.[16] Section 922(g)(1) is not defined as a "violent felony" under Title 18 of the United States Code Annotated.[17]

---

[15] 11 *Del. C.* § 4214(d).

[16] *See* 18 USCA § 922(g)(1) ("It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.").

[17] *See id.*

11. Defendant does not deny his guilt for being a felon in Possession of a Firearm, having previously been convicted in 2003 for Burglary First Degree in this Court.[18] Instead, he argues that the "Court erroneously equated 18 USCA § 922(g)(1) as an equivalent to 11 *Del. C.* § 1448 and the charge of [PFBPP]."[19] He contends that differences in the classification and sentencing ranges for the two offenses required a finding that his federal conviction (not defined as violent) was not "the same as or equivalent to" Delaware's PFBPP. He is wrong.

12. Statutes need not be identical to qualify as an offense that is "the same as or equivalent to" an offense under Delaware law.[20] If a "defendant has pleaded guilty to facts that establish that a defendant committed an offense under Delaware law," then the offense will be considered the same as or equivalent to the Delaware offense.[21] Here, Defendant pled guilty in federal court to facts that established he knowingly possessed a firearm and had been previously convicted of a felony.[22] These facts are sufficient to establish Defendant committed the offense of PFBPP under Delaware law.[23] Defendant's 2007 conviction for Felon in Possession of a

---

[18] *See* Motion to Declare Defendant a Habitual Offender, D.I. 12.

[19] Defendant's Motion at 4.

[20] *Valentine v. State*, 207 A.3d 166, 2019 WL 1178765, at *2 (Del. Mar. 12, 2019) (TABLE).

[21] *Id.*

[22] *See* Memorandum of Plea Agreement, *United States v. Stephen Goodman*, Crim. Act. No. 07-117, D.I. 13 (D. Del. Oct. 22, 2007).

[23] *See* 11 *Del. C.* § 1448(a)(1) ("Except as otherwise provided in this section, the following persons are prohibited from purchasing, owning, possessing, or controlling a deadly weapon or ammunition for a firearm within the State: Any person having been convicted in this State or elsewhere of a felony."); 11 *Del. C.* § 1448(b) ("Any prohibited person as set forth in subsection

Firearm is the same as or equivalent to the Delaware offense of PFBPP. That the sentencing guidelines for the two offenses differ is immaterial.

13. It is also of no consequence that the United States does not define the charge of Felon in Possession of a Firearm as a violent felony. It is Delaware's classification of the crime that controls.[24] The statute "was intended to include offenses in other jurisdictions that prohibited the same behavior as 'violent felonies' in Delaware *regardless whether the foreign jurisdiction designated the behavior 'violent' or not.*"[25]

14. Under Delaware law, the charge of PFBPP *is* classified as a violent felony only if a defendant has been previously convicted of a violent felony as defined by 11 *Del. C.* § 4201(c).[26] Where Defendant was convicted of Burglary First Degree in 2003, classified as a violent felony, his subsequent 2007 federal weapons conviction therefore constitutes a violent felony under § 1448(e).[27]

15. Having been convicted of two violent felonies prior to his plea to the Manslaughter charge in 2018, his designation as a Habitual Offender was legal under 11 *Del. C.* § 4214 (d). His acknowledgement and agreement that he was a habitual

---

(a) of this section who knowingly possesses, purchases, owns or controls a deadly weapon or ammunition for a firearm while so prohibited shall be guilty of possession of a deadly weapon or ammunition for a firearm by a person prohibited.").

[24] *See Capers v. State,* 206 A.3d 261, 2019 WL 949373, at *1 (Del. Feb. 25, 2019) (TABLE).

[25] *State v. Capers,* 2015 WL 7301890, at *1 (Del. Super. Nov. 17, 2015).

[26] *See* 11 *Del. C.* § 1448(e)(1),(3); *see also* 11 *Del. C.* § 4201(c).

[27] *See* 11 *Del. C.* § 4201(c).

offender at the time of the plea was accurate. His attempt to redefine his criminality status in relation to that agreement is not.

16. Defendant raises no other arguments to warrant further review. The sentence is appropriate for all the reasons stated at the time of sentencing.

**IT IS SO ORDERED** that Defendant's Motion for Correction of Illegal Sentence is **DENIED**.

Vivian L. Medinilla
Judge

oc: Prothonotary
cc: Defendant
Barzilai Axelrod, Deputy Attorney General
Investigative Services